UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X Case #:
THEODORE ALLEN,

Plaintiff,

v.

BANK OF AMERICA,

Defendant.
-----------------------------------------------------X

**COMPLAINT**

Plaintiff, Theodore Allen, brings this action against BANK OF AMERICA, and alleges as follows:

**INTRODUCTION**

1. The introduction of the internet to society has changed the way business is conducted by people who usually conduct transactions electronically form their computers and applications from their phones. This has many positive results by making payments more convenient, quicker, and provides a permanent record of transactions.

2. As efficient and beneficial to consumers, internet banking has become, it has also created a larger opportunity for scammers to rob people electronically. This has led partly to the passing of a consumer protection law known as "EFTA" (Electronic Fund Transfer Act) in 1978.

3. The above act provides protection to consumers and limitations of personal liability by also requiring Banks to provide safety measures to consumers to protect them from online scans. For example, when online payments are made, banks are required to provide safeguards for the customer, such as contacting the consumer by text, email, phone calls to verify the transaction. Banks usually deny payment of large amounts electronically until the customer verifies the payment.
4. The EFTA and its implementing "Reg E" are landmark protections that shift liability from unauthorized transfers from a consumer/customer to the bank.
5. When a consumer notifies the bank of an unauthorized transfer within 2 business days of discovering it, the consumers loss is limited to $50 or less and the bank must reimburse the consumer for anything above $50(15 U.S.C. Section 1693 g(a).
6. If a consumer does not notify the bank of an unauthorized EFT within 60 days, the loss is capped at $500, but only if the bank can prove that the loss would not have occurred if the consumer reported the unauthorized transfer within 2 days rather than 60 days (15 U.S.C. section 1693g(a).

7. In addition, even if the consumer does not report the loss within 60 days, the losses are still capped at $500 unless the bank proves that the loss would not have occurred had they reported it within 60 days.

## PARTIES AND JURISDICTION

8. Plaintiff is an individual resident of the County of Nassau, City and State of New York. He maintains a Bank account with Bank of America.

9. Bank of America is a national bank with corporate headquarters at 100 North Tryon Street, Charlotte, North Carolina 28255.

## FACTS

10. On Sept 24, 2024, at approximately 2.30 PM , while plaintiff was using his computer and reviewing emails; he saw a message that the McAffee coverage for the computer had expired and needed to be renewed.

11. Plaintiff, Theodore Allen, is a 77-year-old elderly person.

10. Plaintiff responded on the computer and subsequently received a call from Telephone No: 806-559-9304 advising him that the subscription was due for renewal and another call from telephone no 720-808-9178 which eventually lasted about 120 minutes advising him about the need to renew for $420.00.

11. After a long conversation, plaintiff agreed to the charge. Plaintiff was told that they were going to split the charge into two payments; one charge for 320.23 dollars and one for 100 dollars.

12.Plaintiff had an account with Bank of America, account 483075834792 that he was utilizing for the payment.

13. The person on the phone, who stated his name was Shang Couland, convinced plaintiff to allow him access to his computer so that he could arrange the amounts. First, it was he who entered a charge for 320.23 dollars , then he asked plaintiff to enter a second charge for 100 dollars. The person on the phone changed the amount from $100.00 to $10,000.00. Plaintiff discovered it immediately and spoke to the person who apologized claiming it was a mistake and plaintiff believed that it was corrected.

14. Later the same day, around 10 PM plaintiff looked into his account again and realized that an additional amount of $9,520.00 had been removed from his account and was no longer visible.

15.When plaintiff saw that the additional amount of $9,520.00 dollars had been removed from his account and realized that he was a victim of fraud and he immediately called the fraud department of Bank of America,

and was advised by the bank representative to report the fraud to a Bank of America branch when it is open in the morning.

16.The next day plaintiff reported the incident at the Southampton branch of Bank of America and while he was waiting to see the representative, he received a call form Tel No: 720 501-6084 and the person calling was the same person who stole the money from his account and he asked plaintiff to allow him back in so he could return the money.

17. Plaintiff explained this to the bank representative , Mr Cody Dilworth, who advised him to not communicate with the above person any longer, and allow the Bank to handle everything from then on. Mr Dilworth also told plaintiff that the Bank was going to freeze his account 483075834792 and transfer his funds to a new account (No: 483107153707).

18. Mr Dilworth asked him to sign some papers and reassured him that the Bank was going to arrange to get the money back.

19. Following the above plaintiff called the telephone number of the Fraud Department at Bank of America multiple times and was told that the Bank was working in order to achieve the return of the money to plaintiff, and they will would let him know of the progress.

20. After 3 months of waiting, he received a notice from Bank of America that the amount could not be returned.

21. Although Bank of America kept referring to the fraudulent transfer as being $9,520. The total amount stolen was $10,000.00

22. Plaintiff acted quickly and diligently to inform the bank and the Bank failed to act as a reasonably diligent bank in both preventing the fraud prior to the wire transfer and to return the funds after the fraud. Since Plaintiff reported the theft immediately, the funds were still in the account and Bank or America could have prevented the transfer.

23. Bank of America's policies and procedures to prevent this wire fraud and its responses to red flags and account takeovers were haphazard and ineffective.

24. Bank of America failed to use tools that effectively monitor activity such as this wire fraud involving this consumer account like that employed by other banks such as text messages, emails, and phone calls to the customer.

25. Bank of America's security procedures are disorganized, and haphazard and not capable to protect customers.

26. Once funds are stolen as in this case, Bank of America promises help to the customer in a deceptive manner to appease the customer in believing that they are taking action where no action is being taken.

27.It is believed that this practice by Bank of America by having no online safeguards against fraudulent wires, is causing damages to may customers, many who are elderly like plaintiff.

**FIRST CAUSE OF ACTION**
**EXECUTIVE LAW Section 63(12) Illegality**
**(EFTA & Reg. E-Unauthorized Debits)**

28. Plaintiff repeats and realleges paragraphs 1 to 27 above.

29. Under the EFTA and Reg. E, Bank of America, in response to notice of an unauthorized EFT, is required to conduct an investigation and credit the customer's account if they do not conduct the investigation within 10 days, and refund all loss amounts in excess of $50 if notice was given within 2 days by the customer of the fraud, or $500 if notice was given within sixty days of the consumer becoming aware of the unauthorized transfer. )15 U.S.C. Section 1693f, 1693g; 12 C.F.R Section 1005.6(b). With the exception of these liability thresholds based on the timing of the notice provided, "a consumer incurs no liability from an unauthorized electronic transfer." 15 U.S.C. Section 1693g(e).

30. New York's Executive Law Section 63(12) authorizes Plaintiff to seek injunctive and other equitable relief when any person or business engages in repeated fraud in carrying on, conducting, or transaction of business in the State of New York.

31. An EFT is unauthorized when it is initiated by a person other than the customer of the bank without the authority of the customer and in which the customer receives no benefit. ID Section 1693a(12).

32. Bank of America's handling of the unauthorized intra-bank EFT in this case has violated the EFTA and Reg. E in at least the following ways.

a. Failed to require submission of executed and notarized affidavits before investigating the customer's notice of unauthorized activity.

b. Failed to credit the customers' bank account within ten days of the consumers' notice of unauthorized payment.

c. Refusal to credit the customers account within two or sixty days of discovery.

d. By reason of the above stated Bank of America has violated Executive Law Section 63(12).

**<u>SECOND CAUSE OF ACTION</u>**

**EXECUTIVE LAW Section 63(12) (illegality)**
**(EFTA & Reg E-Unauthorized Intra-Bank Transfers)**

33. Plaintiff repeats and realleges paragraphs 1 to 32 above.

34. New York's Executive Law Section 63(12) authorizes Plaintiff to seek injunctive and other equitable relief when any person or business engages in repeated fraud in carrying on, conducting, or transaction of business in the State of New York.

35. An EFT is unauthorized when it is initiated by a person other than the customer of the bank without the authority of the customer and in which the customer receives no benefit. ID Section 1693a(12).

36. Bank of America's handling of the unauthorized intra-bank EFT in this case has violated the EFTA and Reg. E in at least the following ways.

e. Failed to require submission of executed and notarized affidavits before investigating the customer's notice of unauthorized activity.

f. Failed to credit the customers' bank account within ten days of the consumers' notice of unauthorized payment.

g. Refusal to credit the customers account within two or sixty days of discovery.

h. By reason of the above stated Bank of America has violated Executive Law Section 63(12).

**THIRD CAUSE OF ACTION**
**Executive Law Section 63(12) (Illegality)**
**(Red Flag Rule)**

37. Plaintiff repeats and realleges 1 to 36 above.

38. New York's Executive Law Section 63(12) authorizes Plaintiff to seek injunctive and other equitable relief when any person or business engages in repeated fraud in carrying on, conducting, or transaction of business in the State of New York.

39. The Identity Red Flags and Address Discrepancies under the Fair and Accurate Credit Transactions Act of 2003 rule (the "Red Flag Rule") is a joint final rule adopted on November 9, 2007, by several federal agencies including the Federal Trade Commission, C.F.R. Section 681.1, and the office of the Comptroller Currency, 12 C.F.R Section 41.90.

40. The Red Flag rule applies to financial institutions, which is defined by reference to the Federal Consumer Protection Act, 15 U.S.C Section 1681 et Seq, 16 C.F. R. Section 681.1 (b)(7); 12 C.F. R. Section 41.90(b)(7). The term "financial institution" means a State or National

bank, a State or Federal Savings Bank and loan association, and other entities. 15 U.S. C Section 1681a(t).

41. The Red Flag Rule applies to accounts in financial institutions used primarily for personal, family, or household purposes, that involve or are designed to permit multiple payments or transactions, including chcking accounts and savings accounts. 16 C.F.R. Section 681.1(b)(3)(i); 12 C.F.R. Section 41.90(b)(3)(i).

42. The Red Flag Rule requires banks to establish an identity theft prevention program designed to detect and prevent the very type of theft that happened in this case. 16 C.F. R. Section 681.1(d)(2)(ii)-(iii); 12 C.F.R. Section 41.90(d)(2)(ii)-(iii).

43. A Red Flag is a pattern, practice, or specific activity that indicates the possibility that an electronic theft is occurring.

44. Many banks initially DENY the transfer until a text, phone call, email, and other means, verifying that it was in fact a valid electronic transfer.

45. By reasons as stated herein, Bank of America has engaged in illegal conduct in violation of Executive Law Section 63(12).

**FOURTH CAUSE OF ACTION**

**EXECUTIVE LAW SECTION 63(12) (FRAUD)**

46. Plaintiff repeats and realleges 1 to 45 above.

47. New York's Executive Law Section 63(12) authorizes Plaintiff to seek injunctive and other equitable relief when any person or business engages in repeated fraud in carrying on, conducting, or transaction of business in the State of New York.

48. Bank of America engaged in fraudulent business practices in its account administration and handling of this plaintiff's EFT complaint and payment orders sent electronically in at least the following ways.

a. Enticed plaintiff and other customers to open an account assuring that there is security for online transfers.

b. Refusing or failing to properly investigate the unauthorized use of plaintiff's online transaction.

c. Failed to investigate the wire transfer before the funds are released.

d. Repeatedly representing that the bank accounts are secure and assuring plaintiff that the matter would be resolved.

e. have customers such as plaintiff who provide notice of the unauthorized EFT, to execute proper affidavits asserting claims for unauthorized wire transfers.

f. Told plaintiff that there is nothing they could do after reassuring him that they would resolve the matter.

g. Failed to prevent the transfer of the funds after the fraud was immediately reported.

49. By reason of the conduct alleged herein, defendant has violated Executive Law Section 63(12).

**FIFTH CAUSE OF ACTION**
**EXECUTIVE LAW SECTION 63(12) (ILLEGALITY)**
**(GBL Section 349)**

50. Plaintiff repeats and realleges 1 to 49 above.

51. New York's Executive Law Section 63(12) authorizes Plaintiff to seek injunctive and other equitable relief when any person or business engages in repeated fraud in carrying on, conducting, or transaction of business in the State of New York.

52. New Yorks' General Business Law prohibits deceptive acts and practices in the conduct of any business, trade, or commerce in the state of New Yor. GBL Section 349(1).

53. Bank of America has engaged in deceptive practices in regard to this plaintiff in at least the following ways.

a. Enticed plaintiff and other customers to open an account assuring that there is security to online transfers.

b. Refusing or failing to properly investigate the unauthorized use of plaintiff's online transaction.

c. Failed to investigate the wire transfer before the funds are released.

d. Repeatedly representing that the bank accounts are secure and assuring plaintiff that the matter would be resolved.

e. have customers such as plaintiff who provide notice of the unauthorized EFT, to execute proper affidavits asserting claims for unauthorized wire transfers.

f. Told plaintiff that there is nothing they could do after reassuring him that they would resolve the matter.

g. Failed to prevent transfer after Plaintiff immediately reported the fraud.

54. By reason of the above allegations, Defendant has engaged in repeated and persistent illegal conduct in violation of Executive Law Section 63(12).

**SIXTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

55. Plaintiff repeats and realleges 1 to 54 above.

56. Bank of America has an agreement to manage and protect the funds deposited by the plaintiff.

57. Bank of America has advertised and promised that it has security for its online banking as stated above.

58. Bank of America has breached the agreement of providing security and to abide by the requirement of banking institutions as stated above.

59. That as a result of the breach plaintiff has sustained damages of $10,000.00 plus costs and attorney fees.

**SEVENTH CAUSE OF ACTION**
**NEGLIGENCE**

60. Plaintiff repeats and realleges 1 to 59 above.

61. Bank of America had a duty to safeguard, supervise and maintain plaintiff's account as stated above.

62. Bank of America breached its duty of care.

63. Plaintiff has been damaged in the amount of $10,000.00 plus costs and attorney fees.

**DEAMAND FOR RELIEF**

a. Permanently enjoin Defendant, its agents, trustees, employees, successors, heirs, and assigns, and any other person under the direction or control of defendant, whether acting individually or in concert with others, or through which one or more of them may now or hereafter act or conduct business, from engaging in these fraudulent and illegal practices;

b. Ordering defendant to provide an account of all customers whose claims for monetary losses in connection with unauthorized Payment Orders and debit authorizations were denied by Defendant in the last six years;

c. Appointment of an independent third party paid by defendant to identify the customers who were harmed by defendants fraudulent and illegal actions.

d. Order Defendant to give full restitution to this plaintiff and all those customers harmed this way.

e. Award costs and legal fees to plaintiff for fraud and illegal conduct.

f. Order Bank of America to institute, enforce , and remedy, safeguards regarding online transactions.

g. Damages for breach of contract.

h. Damages for negligence.

i. Whatever else the Court deems proper.

Dated: Queens, NY

April 24, 2025

By: George Bassias, Esq.
George Bassias Attorney LLC
The Bassias Law Firm PLLC
2183 Steinway Street
Astoria, NY 11105
718-721-4441
gbassias@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X Case #:
THEODORE ALLEN,

Plaintiff,

v.

BANK OF AMERICA,

Defendant.
-----------------------------------------------------X

George Bassias Attorney LLC
THE BASSIAS LAW FIRM PLLC
Attorney for plaintiff
21-83 Steinway Street
Astoria, New York 11105
Tel.: (718) 721-4441

---

Service of a copy of the within is hereby admitted
Dated,
Attorney(s) for

---

NOTICE OF ENTRY

Sir: Please take notice
that the within is a (**certified**) true copy of a
duly entered in the office of the clerk of the within named court on

Dated, Yours, etc. **GEORGE BASSIAS, ESQ.**

---

**NOTICE OF SETTLEMENT**

Sir: Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named court, at on the day of ,20 at M.
Dated,
Yours, etc. **GEORGE BASSIAS, ESQ.**